# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 7900 | DATE | 7/21/2000 |
| CASE TITLE | Cynthia Starling, et al. vs. Chicago Police Officer Michael Cronin, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants Rawski's and Farrell's Motion to Dismiss Plaintiffs' Complaint [5-1] is granted in part and denied in part. Defendants' Motion to Deny Leave to File Amended Complaint Until Resolution of this Motion to Dismiss [16-1] is denied as moot. Defendants are given until August 24, 2000 to answer the remaining claims of Plaintiffs' amended complaint. The Superintendent's Office is ordered to provide Officer Michael Cronin's correct star number to Plaintiffs' counsel by August 7, 2000. Plaintiffs are given until August 28, 2000 to effect proper service on defendant Cronin. This case is set for a status hearing on August 9, 2000 at 10:00 a.m.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 4 2000 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 22 |
| | Copy to judge/magistrate judge. | | | |
| KMc | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA STARLING and CHRISTOPHER WEST, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 98 C 7900<br>) |
| CHICAGO POLICE OFFICERS MICHAEL CRONIN, STAR # 15490; JOHN RAWSKI, STAR # 3356; LT. JOHN FARRELL, STAR # 382; and OTHER UNKNOWN CHICAGO POLICE OFFICERS INDIVIDUALLY, and IN THEIR OFFICIAL CAPACITY AS POLICE OFFICERS FOR THE CITY OF CHICAGO, | ) Magistrate Judge Nolan<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

DOCKETED
JUN 2 4 2000

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Rawski's and Farrell's Motion to Dismiss Plaintiffs' Complaint (#5) and Defendants' Motion to Deny Leave to File Amended Complaint Until Resolution of this Motion to Dismiss (#16). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Defendants Rawski's and Farrell's Motion to Dismiss Plaintiffs' Complaint is GRANTED IN PART and DENIED IN PART and Defendants' Motion to Deny Leave to File Amended Complaint Until Resolution of this Motion to Dismiss is DENIED AS MOOT.

-1-



## I. FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' Amended Complaint and are assumed to be true for purposes of the motion to dismiss. On December 9, 1996, the Defendant Officers and other unknown officers unlawfully searched Plaintiff Cynthia Starling's apartment, while Starling and Plaintiff Christopher West were at the apartment. Plaintiffs claim that Officer Cronin, Officer Rawski, Lt. Farrell, and other unknown officers assaulted and beat Starling and West and prevented them from moving about or leaving the apartment. Plaintiffs allege that in conducting the unlawful search, Officer Cronin and/or other unknown officers destroyed Starling's personal property, cut and ripped open sofa and furnishings, emptied closets and dresser drawers and threw the contents on the floors of Starling's apartment. Officer Cronin seized two thousand seven hundred dollars from underneath Starling's kitchen sink. Officer Cronin also claimed that he found a handgun underneath the kitchen sink.

Although he did not live in the apartment, West was arrested and charged with possession of the weapon. West was also charged with a violation of the terms of his probation for allegedly possessing a handgun. Plaintiffs contend that Officers Cronin, Rawski, Farrell, and other unknown officers agreed to and testified falsely during West's state criminal proceedings. West stood trial for the violation of probation charge. The trial judge determined that the State failed to prove that West violated the terms of his probation by possessing a handgun on December 9, 1996. West was found not guilty of the violation of probation charge. The judge then dismissed the charge of unlawful use of a weapon by a felon.

## II. DISCUSSION

### A. Defendants' Motion to Dismiss Pursuant to Rule 12(b)(5)

Rule 12(b)(5) provides that a defendant may move to dismiss the complaint for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). Defendants argue that the case should be dismissed because Plaintiffs failed to obtain timely service.[1] Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint upon defendants within 120 days after the filing of the complaint. Plaintiffs did not comply with Rule 4(m). Plaintiffs filed the original complaint on December 9, 1998. Under Rule 4(m), Plaintiffs had until April 8, 1999 to serve the Defendants with the complaint. Plaintiffs filed copies of the summonses and complaints with the Office of the Superintendent of the Chicago Police Department on Friday, April 9, 1999. Roseanne Fronczak Aff., ¶ 5.[2] Defendants Rawski and Farrell were served on April 15, 1999 and April 14, 1999 respectively when they picked up the complaints from the Superintendent's Office. Thus, Plaintiffs did not serve Defendants Rawski and Farrell within the 120 day time period allowed

---

[1] The Court granted Plaintiffs' leave to file an amended complaint after Defendants' filed their motion to dismiss. At a status hearing, Defendants' counsel indicated that she did not believe Plaintiffs' amended complaint mooted any of the issues raised in her motion to dismiss. Accordingly, the Court agreed to consider Defendants' motion to dismiss with respect to the allegations of Plaintiffs' First Amended Complaint.

[2] The Superintendent's Office has set up a procedure to facilitate service of process on individually sued officers to protect the safety of officers and their families by not releasing their personal home addresses. The Chicago Police Department does not accept summons and complaints on behalf of police officers named individually as defendants. Rather, a plaintiffs' attorney can deliver a copy of the summons and complaint to the Superintendent's Office. If the documents sufficiently identify the officer, the Superintendent's Officer will issue an order for the officer to personally pick up the documents, at which time service occurs. The Superintendent' Office maintains a record of the date and time when an officer receives the documents. Under this method, service of process is usually completed within a week. See Affidavit of Roseanne Fronczak.

in Rule 4(m).³

Rule 4(m) provides that if good cause is shown for the failure to effect timely service, the court shall extend the time for service. Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340 (7th Cir. 1996) (stating "where good cause is shown, the court has no choice but to extend the time for service, and the inquiry is ended."). While no precise test for good cause exists, Plaintiffs must at least show "reasonable diligence" in attempting service. Bachenski v. Malnati, 11 F.3d 1371, 1376-77 (7th Cir. 1993). Plaintiffs have not shown good cause for the delay in obtaining service on Defendants Rawski and Farrell. Plaintiffs attempt to blame the Superintendent's Office for the delay in service. According to Plaintiffs, they "are not at fault for the Superintendent's delay" in forwarding the complaints to Officer Rawski and Lt. Farrell. Roseanne Fronczak, a police officer assigned to the Office of the Superintendent, submitted an affidavit indicating that the Superintendent's Office received copies of the summons and complaint for Officer Cronin, Officer Rawski, and Lt. Farell for the first time on April 9, 1999. Roseanne Fronczak Aff., ¶ 5. Plaintiffs have not contested Fronczak's assertion. Thus, it is undisputed that Plaintiffs failed to deliver copies of the summons and complaint to the Superintendent's Office until after the 120 day deadline. Besides attempting to blame the Superintendent's Office for their untimeliness, Plaintiffs offer no other explanation for their delay. Thus, the Court concludes that Plaintiffs have not shown any diligence in attempting service.

If good cause does not exist, a court may extend the time for service of the summons and complaint at its discretion. Panaras, 94 F.3d 340-41. The Court elects to exercise its discretion in

---

³ Service of complaints and summonses on the Superintendent's Office does not comply with Rule 4(e). Saniat v. City of Chicago, 1998 WL 748399, * 5 (N.D. Ill. 1998).

favor of allowing this case to proceed on its merits as to Officer Rawski and Lt. Farrell and extends the time for service of process on Officer Rawski and Lt. Farrell. The Court does not sanction Plaintiffs waiting until the day after the 120 period to deliver copies of the summons and complaint to the Superintendent's Office but recognizes that Plaintiffs missed the deadline for serving Officer Rawski and Lt. Farell by only one week. The Court declines to prevent Plaintiffs from pursuing their action on the merits for having missed the deadline by one week.

Defendants also request that the Court exercise its discretion to sua sponte dismiss Officer Cronin because he has not been served. According to Roseanne Fronczak, the Superintendent's Officer was not able to identify Officer Cronin when the summons and complaint were received on April 9, 1999 because more than one Cronin was listed as employees of the Department and none matched the star number shown on the summons and complaint. Fronczak aff., ¶ 5. However, the star number on the complaint in this case is the same star number given by Officer Cronin in the police report, criminal complaint, and during his testimony at the preliminary hearing in the state criminal matter. Given these unique circumstances, the Court declines to dismiss Officer Cronin and extends the time for service of process on Officer Cronin through August 28, 2000.

B. **Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A motion to dismiss will be granted only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court takes as true all factual allegations in the plaintiff's complaint and draws all reasonable inferences in his favor. Fredrick v. Simmons Airlines, Inc., 144 F.3d 500, 502 (7th

Cir. 1998).

Defendants raise the following arguments in support of their motion to dismiss pursuant to Rule 12(b)(6): (1) Plaintiffs' state law claims are barred by the applicable statute of limitations; (2) West has no standing to assert a wrongful search of the premises and seizure of the property claim; (3) Plaintiffs cannot assert a policy claim against individual officers; (4) Plaintiffs' conspiracy claims fail to state a cause of action; (5) Plaintiffs' allegations of verbal threats fail to allege a constitutional deprivation; (6) Plaintiffs fail to state a claim for malicious prosecution; (7) all claims brought for violations under the Fourteenth Amendment should be dismissed; and (8) all claims or prayers for relief against the Officers in their official capacity must be stricken. The Court addresses each argument in turn.

Defendants first argue that with the exception of West's malicious prosecution claim, Plaintiffs state law claims are time-barred.[4] Plaintiffs' amended complaint alleges state law claims for malicious prosecution, false arrest, false imprisonment, and intentional infliction of emotional distress. See Plaintiffs' Response, p. 5; Plaintiffs' Brief to Deny Defs. Rawski's and Farrell's Motion to Dismiss, p. 9. Illinois' Local Governmental and Governmental Employees Tort Immunity Act provides that any civil action against "a local entity or any of its employees" must be commenced within one year of the injury or the accrual of the cause of action. 745 ILCS 10/8-101. Plaintiffs' causes of action for false arrest, false imprisonment, assault, defamation, and intentional infliction of emotional distress arose on December 9, 1996 at the time of the search of Starling's home, seizure of the property, and arrest of West. Plaintiffs did not file this action until December

---

[4] Defendants agree that West's malicious prosecution claim did not accrue until the criminal charges were dismissed.

9, 1998, two years after the alleged incidents.

Plaintiffs argue that West's false arrest claims did not accrue until the criminal charges against him were dismissed on February 20, 1998. Plaintiffs' argument is without merit. The Second Circuit case relied on by Plaintiffs involved a Section 1983 claim based on an unlawful arrest, and Plaintiffs have not presented any Illinois case law supporting their argument. In any event, the Seventh Circuit has consistently held that a cause of action for false arrest accrues at the time of arrest. Sneed v. Rybicki, 146 F.3d 478, 481 (7th Cir. 1998); Booker v. Ward, 94 F.3d 1052, 1056-57 (7th Cir. 1996). West's false arrest claims accrued on the date of his arrest, December 9, 1996. Because more than a year elapsed between the date of West's arrest and the filing of the complaint, West's state law false arrest claim is time barred.

Plaintiffs also allege that they are saved from the one year limitation period because the alleged torts involve continuing violations. Under the continuing violation theory, the statute of limitations does not begin to run until the date of the last injury or the date on which the tortious acts cease. Bank of Ravenswood v. City of Chicago, 717 N.E.2d 478, 484 (Ill. App. 1999). "A continuing violation is occasioned by continuing unlawful acts and conduct, not by continual ill effects from an initial violation." Id. The alleged violation of Plaintiffs' rights was not a continuing violation. Rather than a series of acts, the alleged unlawful conduct and acts by the Defendant Officers which form the basis of Plaintiffs' state law claims for false arrest, false imprisonment, and intentional infliction of emotional distress occurred on December 9, 1996 at the time of the search, seizure, and arrest.

Defendants next argue that West has no standing to assert a wrongful search of the premises and seizure of the property claim because he did not live in the apartment. Because Plaintiffs failed

to respond to Defendants' argument, the Court assumes Plaintiffs have no objection to the granting of the motion to dismiss with respect to this issue. Accordingly, all of West's claims regarding an unlawful search of Starling's apartment and seizure of the gun and the money found in the apartment are dismissed.

Plaintiffs maintain that Count III alleges an unconstitutional violation resulting from an official policy or custom. Defendants move to dismiss Count III and all claims against the Officers in their official capacity because a policy claim can be brought only against a municipality. Plaintiffs concede that a claim brought against officers in their official capacity constitutes a claim against the government entity itself. Monell v. Department of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978); Wilson v. Civil Town of Clayton, Ind., 839 F.2d 375, 382 (7th Cir. 1988) (stating "[a]n official-capacity suit is not a suit against the official as an individual; the real party in interest is the entity."). Accordingly, Plaintiffs' claims against the Defendant Officers in their official capacities are dismissed. Count III is also dismissed without prejudice because the amended complaint is not brought against the City of Chicago.

With respect to Plaintiffs' conspiracy claims, Defendants contend that: (1) the conspiracy claims must be dismissed because they are duplicative of other claims against the Officers; (2) the conclusory allegations of a conspiracy fail to state a cause of action; and (3) Plaintiffs' claim of a conspiracy to cover up a false arrest fails to state a cause of action.

Defendants contend that Plaintiffs' conspiracy claims should be dismissed because they allege only that the Officers conspired to commit the acts complained of in the Complaint and add no additional damages. None of the cases relied on by Defendants indicate that a conspiracy claim which does not allege any injury beyond that alleged elsewhere in the complaint should be dismissed

at this stage of the proceedings. Plaintiffs explain that the purpose of their conspiracy count is to extend liability to all the Defendant Officers acting in concert to violate Plaintiffs' rights even though they did not individually perform all the acts charged in the amended complaint. As Defendants acknowledge, "a conspiracy may be used as the legal mechanism through which to impose liability on each and all defendants without regard to the person doing the act." Hostrop v. Board of Jr. College Dist. 515, 523 F.2d 569, 576 (7th Cir. 1975). Thus, Plaintiffs properly allege conspiracy claims for the purpose of tying all the particular acts alleged in the amended complaint to all of the Defendants.

Defendants next argue that Plaintiffs' conclusory allegations of a conspiracy fail to state a cause of action. Federal Rule of Civil Procedure 8 does not require detailed factual pleadings. Rather, a complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has refused to apply a "heightened pleading standard" to § 1983 claims. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (7th Cir. 1993).[5] A complaint meets the requirements of Rule 8 when it provides fair notice of the nature of plaintiff's claim and the ground upon which it relies. Id. at 168. Defendants can plead conclusions as long as the allegations provide Defendants with "at least minimal notice of the claim." Jackson v. Marion County, 66 F.3d 151, 154 (7th Cir. 1995). To establish a claim of conspiracy, a plaintiff must show "(1) an express or implied agreement among the defendants to deprive plaintiff of his or her constitutional rights and (2) actual

---

[5] The Court finds the case law cited by Defendants unpersuasive because all but one of the cases relied on by Defendants predate the Supreme Court's decision in Leatherman. The one case postdating Leatherman cited by Defendants, Young v. Murphy, 90 F.3d 1225 (7th Cir. 1996), fails to mention Leatherman and relies only on two cases predating Leatherman.

deprivations of those rights in the form of overt acts in furtherance of the agreement." Schere v. Balkema, 840 F.2d 437, 442 (7th Cir. 1988).

In this case, Plaintiffs allege that the Defendant Officers agreed with each other to unlawfully search Starling's apartment, seize the money and gun, and falsely arrest West. Am. Cmplt. ¶ 48. Plaintiffs' allegation of an agreement to unlawfully search Starlings' apartment is further supported by Plaintiffs' contention that Officer Cronin and Lt. Farrell stated they were looking for West but proceeded to enter and search Starling's apartment after West was taken into custody. Williams v. Jones, 1996 WL 420310, * 4 (N.D. Ill. 1996). Plaintiffs also allege that the Defendants Officers agreed to cover up their unlawful acts by filing false reports, false statements, and a false criminal complaint. Id. ¶ 49. Plaintiffs contend that in furtherance of their conspiracy, the Defendant Officers agreed to charge West with an offense which if proven would justify their unlawful acts. Id. ¶ 50. Finally, Plaintiffs allege that the Defendant Officers agreed to testify falsely during the state criminal proceedings. Id. ¶ 52. These allegations adequately provide a short and plain statement of Plaintiffs' conspiracy claims and the grounds on which they rest. Plaintiffs allege an agreement among the Defendant Officers to deprive Plaintiffs of their constitutional rights and the actual violation of those rights in furtherance of the agreement. Plaintiffs have sufficiently stated a claim for conspiring to interfere with their civil rights. Defendants' motion to dismiss Plaintiffs' conspiracy claims on this basis is denied.

Defendants also contend that Plaintiffs' claim of a conspiracy to cover up a false arrest fails to state a cause of action. Defendants rely solely on Villareal v. Chicago Police Officers, 1997 WL 242903 (N.D. Ill. 1997), which is distinguishable from the instant case. In Villareal, the plaintiff alleged that the defendant officers conspired "to conceal their wrongful acts" Id., * 3. The district

court held that a plaintiff pleading a conspiracy under Section 1983 must allege a constitutional violation. Id. The court dismissed the plaintiff's conspiracy claim because an allegation of cover-up or concealment, standing along, does not state a constitutional claim under § 1983. Id. Unlike Villareal, Plaintiffs' conspiracy claims allege a constitutional violation. Plaintiffs allege that the Defendant Officers conspired to violate their right to be free from unreasonable and unlawful search and seizure, their due process right to be free from arbitrary and unreasonable action, their right to be free from arrest except on probable cause, and their right not to be deprived of liberty or property without due process. Am. Cmplt. ¶¶ 53-55. Accordingly, Defendants' motion to dismiss Count VI is denied.

Defendants also move to dismiss Count V of the amended complaint. Count V alleges that the Defendant Officers threatened to beat Starling and West and that these threats constituted an assault and a violation of Plaintiffs' rights under the Constitution. Defendants maintain that a claim for assault is barred by the statute of limitations and allegations of verbal threats and abuse do not amount to a Constitutional violation. Plaintiffs's Response clarifies that Count V states a state law claim for intentional infliction of emotional distress. However, a state law claim for intentional infliction of emotional distress based on an assault and verbal abuse occurring when the Officers search Starling's apartment is barred by the applicable one year statute of limitations. See 745 ILCS 10/8-101. Defendants' motion to dismiss Count V is granted.

Defendants move to dismiss West's claims for malicious prosecution as duplicative of his false arrest claims. The cases relied on by Defendants are distinguishable. In Sneed v. Rybicki, 146 F.3d 478 (7th Cir. 1998), the Seventh Circuit upheld the dismissal of a Section 1983 claim for malicious prosecution because Sneed had pled only false arrest:

> To plead malicious prosecution he must allege more than that he was arrested without probable cause and eventually convicted. He must do more than state conclusively that the defendants maliciously prosecuted him. He must allege some action that supports the conclusion that a malicious prosecution occurred. Sneed has not done this. He has not alleged that "detectives gave perjured testimony," or "falsified any information or evidence." Nor did he allege that police withheld exculpatory evidence. Sneed made no allegations of police wrongdoing after his arrest.

Id. at 481.

Similarly, in Reed v. City of Chicago, 77 F.3d 1049 (7th Cir. 1996), the Court held that Reed failed to state a claim for malicious prosecution under Section 1983 where he alleged that defendants lacked probable cause to arrest and charge him with murder and that the defendants testified before the grand jury and at the hearing on the motion to quash. The Seventh Circuit noted that Reed did not allege that the defendants gave perjured testimony or falsified any information. Because there were no allegations of improper acts after Reed's arrest, the Court concluded that Reed failed to state a malicious prosecution claim. In sharp contrast to Sneed and Reed, West alleges police wrongdoing after his arrest. Specifically, West alleges that after his arrest, Defendant Officers filed false reports, made false statements, filed a false criminal complaint, and testified falsely at the preliminary hearing and trial. Am. Cmplt. ¶¶50, 52.

Defendants also rely on Washington v. Summerville, 127 F.3d 552 (7th Cir. 1997). In Washington, the Seventh Circuit affirmed the dismissal of a malicious prosecution claim even though the plaintiff alleged that the police officers "conspired to fill out false and incomplete statements and reports," to use the statements and reports to charge, imprison, and prosecute plaintiff, to give false testimony at the grand jury and at his motion to suppress hearing, and to conceal all the misconduct. Washington alleged that the officers did not note his illegal arrest and

coerced confession in their reports nor did they testify about the illegal arrest and coerced confession. Unlike Washington, West has sufficiently alleged that Defendants initiated and pursued criminal proceedings against him rather than simply effectuating an arrest. West alleges that the Defendant Officers did more than offer false or misleading testimony by omitting certain testimony. West contends the Defendant Officers filed false reports, made false statements, filed a false complaint, and affirmatively gave false testimony at the preliminary hearing and at trial. Treece v. City of Naperville, 1998 WL 381703, * 2 (N.D. Ill. 1998). Defendants' motion to dismiss Count VII is denied.[6]

Defendants further move to dismiss Plaintiffs' claims for violations brought under the Fourteenth Amendment because claims for excessive force, wrongful search and seizure, false arrest, and malicious prosecution arise exclusively under the Fourth Amendment. Plaintiffs' Response clarifies that they cite the Fourteenth Amendment because the rights and privileges guaranteed by the Fourth Amendment are applicable to the states through the Fourteenth Amendment. Defendants reply that to the extent Plaintiffs cite the Fourteenth Amendment only for application of their Fourth Amendment claims to the Defendants Officers, they do not move to dismiss. Given these

---

[6] Relying on Treece v. Naperville, 1998 WL 142391, * 5 (N.D. Ill. 1998), Defendants further argue that because the charge of unlawful use of a weapon by a felon was dismissed, West has failed to sufficiently allege that he was deprived of liberty due to the malicious prosecution rather than the false arrest. In Treece, Judge Williams held that the seizure must have been effected pursuant to the legal process for purposes of malicious prosecution claims. Legal proceedings may begin with the issuance of a warrant, the filing of an indictment or other formal charge, the holding of an arraignment or preliminary hearing, or the holding of a trial. Id. Here, the amended complaint alleges that West was compelled to appear for trial on the violation of probation charge based on the alleged possession of a weapon. Am. Cmplt. ¶80. West's endurance of a trial on the violation of probation charge was sufficient under Treece to constitute a seizure for a Section 1983 malicious prosecution claim.

representations, Defendants motion to dismiss references to the Fourteenth Amendment is denied.

## III. CONCLUSION

For the reasons set forth above, Defendant Rawski's and Farrell's Motion To Dismiss Plaintiffs' Complaint is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Deny Leave to File Amended Complaint Until Resolution of this Motion to Dismiss is DENIED AS MOOT. Defendants are given until August 14, 2000 to answer the remaining claims of Plaintiffs' amended complaint. The Superintendent's Office is ordered to provide Officer Michael Cronin's correct star number to Plaintiff's counsel by August 7, 2000. Plaintiffs are given until August 28, 2000 to effect proper service upon Defendant Cronin. This case is set for a status hearing on August 9, 2000 at 10:00 a.m.

ENTER:

*Nan R. Nolan*
Nan R. Nolan
United States Magistrate Judge

Dated: July 21, 2000