# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7900 | **DATE** | 1/4/2002 |
| **CASE TITLE** | Cynthia Starling and Christopher West vs. Michael Cronin, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendants' Motion to Disqualify Opposing Counsel [38-1], [38-2] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN - 7 2002 date docketed | |
| | Notified counsel by telephone. | | | 47 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| KMc | courtroom deputy's initials | 02 JAN -4 PM 5:16 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN - 7 2002

| | | |
|---|---|---|
| CYNTHIA STARLING, and CHRISTOPHER WEST, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 98 C 7900 |
| MICHAEL CRONIN, et al., | ) ) | Magistrate Judge Nan R. Nolan |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Cynthia Starling and Christopher West sued Chicago police officers Michael Cronin, John Farrell, John Rawski and other unknown Chicago police officers, alleging that the officers are liable under 42 U.S.C. § 1983 for illegal search and seizure, unlawful arrest, deprivation of property and liberty without due process of law, and malicious prosecution. Plaintiffs also allege that the officers are liable under Illinois law for malicious prosecution and other state-law torts. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). In July 2000, this Court dismissed as untimely all the state-law claims except for the claim of malicious prosecution. This matter is before the Court on Defendants' Motion to Disqualify Opposing Counsel (Docket Entry #38). Despite repeated opportunities, plaintiffs have not responded to defendants' motion. For the reasons set forth below, Defendants' Motion to Disqualify Opposing Counsel is DENIED.

### Background

The following facts are taken from plaintiffs' amended complaint and are assumed to be true for the purposes of the current motion. In December 1996, Christopher West visited Cynthia

Starling at her second-floor apartment in Chicago. Upon hearing a knock at the downstairs foyer door, West went to answer it. Once downstairs, West observed that Chicago police officers Michael Cronin and John Farrell had removed the door from its hinges and forced their way inside. The officers said they were looking for West. West identified himself and Cronin and Farrell arrested him. The officers took West upstairs and entered Starling's apartment without consent or a warrant. Either Cronin or Farrell then opened the back door and admitted officer John Rawski into the apartment.

According to the amended complaint, the officers conducted an illegal search of Starling's apartment. During the search, the officers assaulted and beat both Starling and West, destroyed Starling's personal property and seized $2,700—though they only reported recovering $1808. The officers charged West with possession of a handgun they claim to have found under the kitchen sink. Afterwards, the officers filed false reports, false statements, and a false criminal complaint, and testified falsely during the subsequent state criminal proceeding in which West was charged with possession of a weapon in violation of his probation and unlawful use of a firearm after being convicted of a felony. After West was found not guilty of the probation violation, the state court dismissed the unlawful-use charge.

## Discussion

The defendants move to disqualify opposing counsel Jimmie Jones based on the likelihood that Jones will have to testify at trial regarding a conversation he had with one of the defendants. According to Officer Cronin, Jones approached him in December 1998 and stated that the State's Attorney would not return the money the police had confiscated from Starling's apartment. Jones said that he needed the money returned so that he could be paid for his representation of West in the

related state criminal proceeding. Jones informed Cronin that he was going to file a lawsuit against Cronin. Jones stated that the "only reason" he was filing the suit was to get the money back and that he did not want Cronin to take the lawsuit personally. According to their pleadings, the defendants intend to introduce this conversation at trial. The defendants contend that Jones's statements not only reveal Jones's motive for filing the lawsuit—to get the confiscated money returned so he could be paid for his representation of West in another matter—but also constitutes an admission on the merits of the suit—that it is a frivolous suit, filed not to vindicate any right but rather only to induce the defendants to settle for an amount of money equal to or greater than the amount confiscated. Because West refused to stipulate either to the content of this conversation or that he would not call his counsel to rebut Cronin's version of the conversation, the defendants argue that Jones must be disqualified.

It is well established that, absent special circumstances not present here, counsel cannot be both an advocate and a witness. *Kafka v. Truck Ins. Exchange*, 19 F.3d 383, 386 n.5 (7th Cir. 1994); *see also* Rules of Professional Conduct for the Northern District of Illinois 83.53.7 (1999). But, because motions to disqualify can be used as a means of harassment, courts view such motions with extreme caution. *Freeman v. Chicago Musical Instrument Co.*, 689 F.2d 715, 722 (7th Cir. 1982); *CoolSavings.com Inc. v. E-Centives, Inc.*, No. 98 C 4924, 2000 WL 1262929, at *2 (N.D. Ill. Sept. 1, 2000); *see also Owen v. Wangerin*, 985 F.2d 312, 317 (7th Cir. 1993) (noting that disqualification is a "drastic measure which courts should hesitate to impose except when absolutely necessary.") (internal quotation and citation omitted). For this reason, the moving party bears the burden of establishing that the opposing counsel is likely to be called to give testimony that will substantially prejudice his client's case. *CoolSavings.com*, 2000 WL 1262929, at *3. This necessarily requires

the moving party to establish both that the lawyer's testimony is admissible, *see United States v. Cunningham*, 672 F.2d 1064, 1075 (2d Cir. 1982) (vacating and remanding disqualification order and instructing district court to determine admissibility of lawyer's testimony before deciding disqualification issue); *Advanced Display Sys., Inc. v. Kent State Univ.*, Nos. 3-96-CV-1480-BD & 3-96-CV-1608-BD, 2001 WL 1379860, at *6-7 (N.D. Tex. Nov. 1, 2001) (denying disqualification motion because lawyer's testimony not relevant); *Thomas Steel Corp. v. Ameri-Forge Corp.*, No. 91 C 2356, 1991 WL 280086, at *3 (N.D. Ill. Dec. 27, 1991) (noting that admissibility of attorney's testimony is proper consideration on motion to disqualify), and that the attorney's testimony is necessary, *see Advanced Display Sys.*, 2001 WL 1379860, at *6 (noting that a lawyer should not be disqualified unless his testimony cannot be obtained from another source); *Thomas Steel Corp.*, 1991 WL 280086, at *3 (noting that necessity of testimony and availability of other witnesses must be taken into account).

Defendants argue that Jones's statements to Cronin are admissible under Federal Rule of Evidence 801(d)(2)(D) as an admission by a party's agent.[1] Rule 801(d)(2)(D) states that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." The critical inquiry in this case is whether Jones acted within the scope of his attorney-client relationship with West when he spoke to Officer Cronin.[2]

---

[1] This Court ordered the defendants to provide legal authority for their position that Jones's statements would be admissible at trial. In response, the defendants cited Federal Rule 801(d)(2)(D). But they did not cite a single case applying that rule—much less a case applying the rule to the statements of a party's attorney.

[2] Neither party analyzes this issue; defendants offer only the undeveloped and conclusory assertion that "[c]ounsel's statement concerns a matter within the scope of counsel's agency."

Not every statement by an attorney concerns a matter within the scope of her agency. For example, one court held that a lawyer's casual statement to an opposing party during a break in a deposition was not within the scope of the attorney-client relationship for purposes of Rule 801(d)(2)(D). *Moody v. Township of Marlboro*, 885 F. Supp. 101, 104 (D. N.J. 1995). On the other end of the spectrum, another court held that defense counsel's statement to the plaintiff's investigator—during an investigation of the matter counsel was hired to defend against—was within the scope of the attorney-client relationship. *United States v. Gregory*, 871 F.2d 1239, 1242-43 (4th Cir. 1989). In both of these cases, the context of the attorney's statement was important. In *Moody*, the statement occurred during a break in a deposition—at a time when it appears that the attorney was not speaking for his client. In contrast, the lawyer's statements in *Gregory* were made in response to questions by the opposing party's investigator during the investigation—at a time when the lawyer was clearly speaking for his client. This case is very similar to *Moody*. In this case, Jones made casual statements to Officer Cronin in the hallway of the courthouse. Jones informed Cronin that he was filing a suit on behalf of West so that West could pay him. Jones informed Cronin that a lawsuit was coming but that it was business, not personal. Jones's statements were made on behalf of himself—essentially asking Cronin not to blame him for the suit because he was just doing his job—rather than on behalf of his clients. Because Jones's casual statements to Cronin are not admissible under Rule 801(d)(2)(D), this Court denies the defendants' motion to disqualify Jones.[3]

---

[3] Even if Jones' statements were made "within the scope of [his] agency" as that term is used in Rule 801(d)(2)(D), this Court would exclude the statements under Federal Rule of Evidence 403 because the probative value of Jones's ambiguous statements is substantially outweighed by the danger that the statements would confuse the issues or mislead the jury. *See Stull v. Fuqua Indus., Inc.*, 906 F.2d 1271, 1274 (8th Cir. 1990) (district court did not abuse its discretion in excluding attorney's admission under Rule 403 because statement was capable of differing interpretations and probative value was low); *Moody*, 8 F. Supp. at 104 n.3 (assuming attorney's casual statement fit

## Conclusion

For the foregoing reasons, defendants' Motion to Disqualify Opposing Counsel is DENIED.

E N T E R:

*Nan R Nolan*

**Nan R. Nolan**

**United States Magistrate Judge**

Dated: 1-4-02

---

under Rule 801(d)(2)(D), court would have excluded it under Rule 403).