**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

STARLING and WEST,                )
                                  )
            Plaintiffs,           )        98 C 7900
                                  )
v.                                )        Honorable Nan R. Nolan
                                  )
C.P.O. CRONIN, et. al.,           )
                                  )
            Defendants.           )

*DOCKETED*
*MAY 0 8 2003*

**F I L E D**

MAY 0 7 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

TO:    Mr. J.L. Jones
       P.O. Box 5896
       Chicago, IL 60680-5896

        **PLEASE TAKE NOTICE** that the attached **Defendants' Trial Brief** was today filed with the Clerk of the District Court, 219 S. Dearborn, Chicago, Illinois.

        **I CERTIFY** that I mailed a copy of this Notice to Counsel at the address indicated above.

        **DATED** at Chicago, Illinois this, May 7, 2003

                            Respectfully submitted,

                            *[signature]*

                            Bridget K. Orsic
                            Assistant Corporation Counsel

30 North LaSalle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-8307
Attorney No. 06243523

IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STARLING and WEST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 98 C 7900 |
| | ) | |
| vs. | ) | Hon. Nan R. Nolan |
| | ) | |
| CRONIN, RAWSKI and FARRELL, | ) | |
| | ) | |
| Defendants. | | |

DOCKETED
MAY 0 8 2003

FILED
MAY 0 7 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANTS' TRIAL BRIEF

Defendants, Chicago Police Officers Michael Cronin, John Rawski and John Farrell, by their

attorneys, Bridget K. Orsic and Sheri H. Mecklenburg, Assistant Corporation Counsel for the City

of Chicago, in accordance with this Court's Order, submit the following as their trial brief.

## PLAINTIFFS' CLAIMS

Plaintiff Cynthia Starling (" Starling"), has two remaining claims against defendants: 1) a

Fourth Amendment claim based on the allegedly improper search of her premises and seizure of U.S.

currency, and 2) a conspiracy claim pertaining to the improper search and seizure.  Plaintiff

Christopher West ("West") has three remaining claims against defendants: 1) a Fourth Amendment

claim based on the allegedly improper search and seizure of his person; 2) a conspiracy claim

pertaining to the improper search and seizure; and 3) a state law malicious prosecution claim.

## BRIEF

On December 9, 1996, Officers Michael Cronin, John Rawski and Lieutenant John

Farrell received a battery complaint against West, from the boyfriend of Starling's sister.  The

complainant told the officers that Christopher West could be found at his residence at 3047 West

1

71

Flournoy in Chicago. He also told the Officers that West was in possession of a 9mm pistol. The Officers determined that West was on parole, and that one of the conditions of the parole was that he was prohibited to own or carry a firearm. They also discovered that West previously had been convicted of the crime of unlawful use of a weapon.

The officers went to 3047 W. Flournoy, where West answered the door. The Officers arrested West for battery and advised him of his rights. The Officers then advised West that they had been told that West had a gun in the apartment. West told the Officers that he had no gun in the apartment, and that they could search the residence. Starling also was at the residence and was present during the search.

The officers uncovered a 9 mm semi-automatic pistol loaded with 11 live rounds under the sink, taped to a sink pipe. The officers also found a box containing 44 caliber live rounds; two clips containing 7.62 live rounds (each); a Smith & Wesson box containing 40 caliber live rounds; a box containing 22 caliber live rounds; a plastic bag containing fifteen live 12 gauge shotgun shells; $1,808.00 in U.S. currency hidden with the pistol under the kitchen sink; and cardboard box for another firearm (Norinco SKS SPIR 7.62 x 39 SKSSPTR). The officers seized and inventoried these items. When confronted with the gun, West admitted that it was his. The Officers arrested West. Starling, who owns the residence, was neither arrested nor charged with any crime.

West was charged with battery, a violation of parole and a separate offense of UUW (unauthorized use of a weapon) by a felon. On January 7, 1997, the court determined that the officers had probable cause to arrest West. On December 23, 1997, the State proceeded on the violation of parole charge. At the close of the evidence, the prosecutor moved to amend the

2

charge from "possession of a firearm on or about his person" to "possession of a firearm in his abode or home." The court denied the motion as untimely. The court then found no violation of probation due to the fact that the gun was not found on West's person.

On February 28, 1997, the substantive case came up for trial. Based upon collateral estoppel principles from the VOP disposition, the prosecutor moved to "*nolle prossed*" the charges. West and Starling then brought this lawsuit against the three Officers.

Officers Cronin, Rawski and Farrell, expect that the evidence at trial will show that the search did not violate Starling's Fourth Amendment rights. The Officers also expect that the evidence will show that there was probable cause to arrest West. In the absence of the Fourth Amendment violations, the evidence will show there was no conspiracy. Finally, West will not be able to prove the elements of a state law malicious prosecution claim.

Respectfully submitted,

Sheri H. Mecklenburg
Bridget K. Orsic
Assistant Corporation Counsel
30 N. LaSalle, Room 1400
Chicago, Illinois 60602
(312) 744-6905
(312)744-8307

3